IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IVAN JONES, #B26617, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-03939-SMY |
| ) | |
| NEAL ROHLFING, ) | |
| KYLE KOESTER, ) | |
| AUSTIN CRIMM, ) | |
| C/O JEREMY, ) | |
| C/O LUCAS, ) | |
| C/O STEVE, ) | |
| C/O BO, ) | |
| MEDICAL STAFF ) | |
| and NURSE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Ivan Jones, a former inmate at Monroe County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that he was denied adequate medical care for his diabetes at the Jail. The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to filter out any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. *See* 28 U.S.C. § 1915A. At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 6): During his confinement at Monroe County Jail in 2021, Plaintiff was denied medical care for his diabetes. For 51 days after booking, Plaintiff was not seen by a nurse to discuss his condition. He was placed on insulin without first consulting a doctor, but was also denied insulin when his blood sugar was high. Plaintiff was given Metformin, but the dosage was altered 30 times without a doctor's authorization between June 20 and July 20, 2021. He was denied a diabetic food tray. *Id*.

Based on the Complaint allegations, the Court designates a single claim in the *pro se* Complaint:

> **Count 1:** Eighth or Fourteenth Amendment claim against Defendants for denying Plaintiff adequate medical care for his diabetes at Monroe County Jail in June and July 2021.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion[2]

The Fourteenth Amendment Due Process Clause governs a pretrial detainee's claim for the denial of medical care. This claim consists of two components. First, the Court considers whether "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling" of the detainee's serious medical need. *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). Second, the Court considers "whether the challenged conduct was objectively reasonable" based on "the totality of

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[2] The applicable legal standard for this claim depends on Plaintiff's status as a pretrial detainee or convicted prisoner when his claims arose. Plaintiff has offered no information about his legal status during the relevant time period. Therefore, the Court will briefly address the standards that apply to detainees and prisoners, and the parties can sort out Plaintiff's exact legal status and the applicable legal standard for his claim(s) as the case proceeds.

the facts and circumstances faced by the individual alleged to have provided inadequate medical care" to the detainee. *Id*.  Negligence does not satisfy this standard. *Id*.

The Eighth Amendment controls a convicted prisoner's claim for denial of medical care. This claim also consists of two elements.  The Court first determines whether the plaintiff has described an objectively serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The Court next considers whether each individual defendant responded to the plaintiff's serious medical need with deliberate indifference. *Id*.

Plaintiff's allegations state a colorable claim under both standards.  Because the only defendant who is mentioned in the statement of claim is a nurse who did not meet with the plaintiff to discuss his diabetes for 50-plus days after he was booked into the Jail, Count 1 will proceed against Defendant "Unknown Nurse."

Plaintiff fails to state a claim upon which relief can be granted against any other defendant as no one else is mentioned in the statement of claim.  Section 1983 creates a cause of action based on personal liability and predicated upon fault.  For liability to attach, an individual defendant must have caused or participated in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).  Thus, Plaintiff must identify each individual defendant in his statement of claim and describe the acts or omissions that caused his constitutional deprivation to occur. Here, Plaintiff has listed potential defendants in the case caption of his Complaint without describing what these individuals did to violate his federally protected rights.  As such, Count 1 will be dismissed without prejudice against Defendants Rohlfing, Koester, Crimm, Jeremy, Lucas, Steve, Bo, and Medical Staff.

**Identification of Unknown Nurse**

Count 1 survives screening against Defendant Unknown Nurse. However, this defendant must be identified with particularity, so the lawsuit can be served on him or her. The plaintiff will have an opportunity to engage in limited discovery to ascertain the identity of the defendant. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Sheriff Neal Rohlfing shall **REMAIN** named as a defendant *in his or her official capacity only* for purposes of responding to discovery aimed at identifying the unknown defendant. Once the name of the unknown nurse is discovered, Plaintiff must file a motion to substitute this newly identified defendant in place of the generic designations in the caption and Complaint.

**Disposition**

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **UNKNOWN NURSE**, in his or her individual capacity. **COUNT 1** is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS** based on Plaintiff's failure to state a claim upon which relief may be granted against them.

The Clerk's Office is **DIRECTED** to **TERMINATE** all other defendants as parties to this action in CM/ECF and **ADD** Defendant Sheriff Rohlfing, in his or her official capacity only, for purposes of identifying Defendant Unknown Nurse. This defendant need not answer the Complaint; he or she should only file an appearance in this matter.

The Clerk shall prepare for **SHERIFF NEAL ROHLFING** (official capacity only) and **UNKNOWN NURSE** (individual capacity only, once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a

Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant Unknown Nurse (once identified) is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**Because Count 1 arises from the alleged denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

IT IS SO ORDERED.

DATED: 3/13/2024

s/ <i>Staci M. Yandle</i><br>
<b>STACI M. YANDLE</b><br>
<b>United States District Judge</b>

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendant(s) of your lawsuit and serve each one with a copy of your Complaint. After service has been achieved, Defendant(s) will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive each Defendant's Answer, but it is entirely possible that it will take **90 days** or more. Once all Answers are filed, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant(s) before filing any motions, to give each Defendant notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance for Defendant(s) will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.