IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IVAN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:23-CV-3939-MAB |
| | ) |
| CHANDRA CANNING, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Ivan Jones filed this suit pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was detained at the Monroe County Jail (*see* Doc. 1; *see also* Doc. 15). The Court screened the Complaint pursuant to 28 U.S.C. §1915A, and permitted Plaintiff to proceed on a claim that an unknown nurse, who was later identified as Chandra Canning and whose actual name is Chandra Weddle-Caraway (*see* Doc. 47),[1] denied him constitutionally adequate medical care for his diabetes in June and July 2021 (Doc. 15).

Attorney Peter Jennetten entered his appearance on Defendant's behalf on January 14, 2025, and filed her answer to the complaint as well as a Motion for Judgment on the Pleadings (Docs. 45, 47, 48, 49). Defendant argues that she is entitled to judgment on the pleadings because the allegations in the complaint establish that this suit is time-barred

---

[1] The Clerk of Court is DIRECTED to modify the docket to reflect the true name of Defendant. Chandra Canning should be RENAMED Chandra Weddle-Caraway.

by the statute of limitations (Doc. 49). Plaintiff's response to the motion for judgment on the pleadings was due on or before February 13, 2025 (Doc. 50). To date, Plaintiff has not filed a response.

## LEGAL STANDARD

A party can move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "after the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) ("The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same."). Thus, dismissal is appropriate "when the factual allegations in the complaint, accepted as true, do not state a facially plausible claim for relief." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016).

When it comes to affirmative defenses, like the statute of limitations, a plaintiff does not need to anticipate and attempt to allege facts in the complaint negating the affirmative defense. *Id.* Accord *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022) (A complaint . . . will not be dismissed just because it does not confirm its own timeliness."). But when a complaint alleges facts that unambiguously establish the tardiness of the complaint, then dismissal under Rule 12(c) is appropriate. *See generally Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). *See also Mohamed v. WestCare Illinois, Inc.*, 786 Fed. App'x 60, 61 (7th Cir. 2019) ("A district court may enter judgment on the pleadings if the pleadings show that the statute of limitations

blocks the plaintiff's claims.") (citing *Easterling v. Thurmer*, 880 F.3d 319, 322–23 (7th Cir. 2018)); *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017) (approving of granting motion to dismiss based on statute of limitations "when the complaint alleges facts sufficient to establish that the suit is indeed tardy."); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir.2009) (same).

The applicable statute of limitations for Plaintiff's § 1983 claims is two years. *Woods v. Illinois Dep't of Child. & Fam. Servs.*, 710 F.3d 762, 768 (7th Cir. 2013) ("[T]he limitations period applicable to *all* § 1983 claims brought in Illinois is two years.") In his complaint, Plaintiff complains of care provided by Nurse Weddle-Caraway from June 20, 2021 through July 20, 2021 (Doc. 1, p. 6). But Plaintiff did not file this lawsuit until December 14, 2023, several months past the two-year deadline for doing so.

Plaintiff did not file a response to the motion and thus did not offer any explanation for the delay in filing suit or any grounds for applying equitable tolling or equitable estoppel to keep the statute of limitations from running. Nor are any such grounds readily apparent to the Court from the face of the pleadings. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("If [courts] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.").

Accordingly, the Court concludes that judgment on the pleadings in Defendant's favor is appropriate.

CONCLUSION

Defendant Chandra Weddle-Carraway's motion for judgment on the pleadings (Doc. 48) is **GRANTED**. This matter is **DISMISSED with prejudice** as time-barred by the statute of limitations. The Clerk of Court is **DIRECTED** to enter judgment and close the case on the Court's docket. The Clerk is further **DIRECTED** to modify the docket to reflect the true name of Defendant; Chandra Canning should be **RENAMED** Chandra Weddle-Caraway.

**IT IS SO ORDERED.**

**DATED: April 25, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

NOTICE

Plaintiff is advised that this is a final decision ending his case in this Court. If Plaintiff wishes to contest this decision, he has two options: he can ask the undersigned to reconsider the Order or he can appeal to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal in the district court *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421,

425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard). The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See id.*

On the other hand, if Plaintiff wants to start with the undersigned, he can file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), but such a motion is not required to preserve his appellate rights. Any Rule 59(e) motion *must* be filed within twenty-eight (28) days of the entry of judgment. FED. R. CIV. P. 59(e), and the deadline *cannot* be extended. *See* FED. R. CIV. P. 6(b)(2). Any motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) ("This court has held that otherwise timely skeletal motions that fail to satisfy the requirements of Fed. R. Civ. P. 7(b)(1) do not postpone the 30–day period for filing a notice of appeal . . . .").

So long as the Rule 59(e) motion is in proper form and filed no later than 28 days after the judgment is entered, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the motion is ruled on. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the

28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal, and the clock will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, the deadline for filing a notice of appeal can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.